UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KRAIG PAYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:24-cv-03215-JEH |
| ) | |
| ) | |
| NATHAN GOSSAGE and ) | |
| ANDREW HILL, ) | |
| ) | |
| Defendants. ) | |

**Order**

This cause is before the Court on the Parties' pending motions.

Plaintiff Keith Payne is an inmate with the Illinois Department of Corrections (IDOC). Currently, Plaintiff is housed at the IDOC's Lawrence Correctional Center, but during the relevant time, Plaintiff was housed at the IDOC's Western Illinois Correctional Center (Western Illinois). Also during the relevant time, Defendant Nathan Gossage was a Correctional Officer at Western Illinois, and Defendant Andrew Hill was a Correctional Sergeant at Western Illinois.

Plaintiff has filed three motions that need the Court's attention. Defendants have moved for summary judgment on the issue of exhaustion. The Court will address the Parties' motions *seriatim*.

I

A

On August 13, 2024, Plaintiff filed this lawsuit under 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. On September 19, 2024, the Court

1

conducted a merit review of Plaintiff's Complaint, which is required by 28 U.S.C. § 1915A, and found that Plaintiff's Complaint stated a claim for a violation of his Eighth Amendment rights based upon the Western Illinois officials' failure to protect him from the attack of another inmate(s) on January 29, 2024. But because Plaintiff had failed to name a proper defendant to his § 1983 suit, the Court added Western Illinois Warden Brittany Greene as a placeholder Defendant. The Court advised Plaintiff that he would, at some point in the litigation, need to file an amended complaint in which he identified, by name, the person or persons who allegedly violated his Eighth Amendment rights because he did not allege facts showing that Warden Greene was personally involved in violating his Eighth Amendment rights and because the Court was only allowing the case to proceed against Warden Greene so that he could use the discovery tools contained within the Federal Rules of Civil Procedure to identify and to name a proper defendant(s) to his claim.

On February 20, 2025, the Court granted Plaintiff's motion to amend, allowed Plaintiff to file an Amended Complaint, and added C/O Gossage and Sgt. Hill as party Defendants to this lawsuit. Defendants have now moved for summary judgment based upon the issue of exhaustion.

B

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust properly his administrative remedies before he filed this lawsuit as required by the Prison Litigation Reform Act (PLRA). Defendants contend that Plaintiff submitted only two grievances to the Administrative Review Board (ARB) related to Plaintiff's Eighth Amendment failure to protect claim as he alleged in the Amended Complaint. The first Grievance is dated March 14, 2024. The second Grievance is dated May 3, 2024.

2

Defendants argue that neither grievance satisfied Plaintiff's exhaustion requirements under the PLRA because neither grievance identified them by name so that they were placed on notice of Plaintiff's claim against them. In fact, Defendants note that the ARB returned Plaintiff's March 14, 2024 grievance to him because "no staff were named/described for follow up" and because "[n]o other individual was named, thereby not allowing this office to confirm that grievant was placed near a KSF (keep separate from)." D/E 40-4. Defendants assert that Plaintiff never re-submitted his March 14, 2024 grievance or otherwise provided the information to the ARB that was necessary for the ARB to resolve his grievance. Finally, because his May 3, 2024 grievance only tangentially mentions the attack against him from other inmates and because Plaintiff never submitted any other grievance(s) that is/are s related to the facts contained within his Amended Complaint, Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust properly his administrative remedies before he filed this lawsuit as required by the PLRA.

### C

Plaintiff argues that he did, in fact, exhaust his administrative remedies before he filed this lawsuit. In support of his argument that he exhausted his administrative remedies before filing this lawsuit, Plaintiff filed a document on April 29, 2025, that he entitled "Proof of Execution." D/E 30. Plaintiff argues that this document demonstrates that he exhausted his administrative remedies. This document is the ARB's response to Plaintiff's grievance dated March 14, 2024. Plaintiff argues that he referred to "correctional officers" in his March 14, 2024 grievance because he did not know the names of the two correctional officers—at the time—who failed to protect him from the other inmate's physical assault. Therefore, Plaintiff states that he simply referred to correctional officers as having

violated his rights when he submitted his March 14, 2025 grievance, which he appealed to the ARB and which the ARB denied.

In short, Plaintiff contends that he did all that he could in order to follow Illinois' grievance process, and to the extent that he failed to follow the process correctly, the blame should go on the staff at Western Illinois, not on him. Accordingly, Plaintiff asks the Court to deny Defendants' motion for summary judgment on the issue of exhaustion.

## II

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Ruiz-Rivera v. Moyer*, 70 F.3d 498, 500-01 (7th Cir. 1995). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Gracia v. Volvo Europa Truck, N.V.*, 112 F.3d 291, 294 (7th Cir. 1997). "[A] party moving for summary judgment can prevail just by showing that the other party has no evidence on an issue on which that party has the burden of proof." *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1183 (7th Cir. 1993).

Accordingly, the non-movant cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue; he must do more than simply show that there is some metaphysical doubt as to the material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986) (Brennan, J., dissenting) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986));

*Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 818 (7th Cir. 1999). Finally, a scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III

### A

The PLRA requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 95 (2006) ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."); *Dole v. Chandler*, 43 F.3d 804, 809 (7th Cir. 2006).

No futility, sham, or substantial compliance exception exists to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Massey*, 259 F.3d at 646 (inmate alleging failure to repair a hernia timely must exhaust administrative remedies even though surgery was performed and only money damages claim remained); *Booth v. Churner*, 532 U.S. 731, 736-37 (2001) (the PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if "some action" in response to a grievance can be taken). Likewise, the exhaustion requirement includes claims that only seek equitable relief. *Falcon v. United States Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995).

Exhaustion means properly and timely taking each step in the administrative process established by the applicable procedures. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) (failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars a § 1983 suit). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, the prisoner must utilize that administrative system before filing a claim." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999). A dismissal for failure to exhaust is without prejudice, so reinstatement is not barred unless the time for exhaustion has expired. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). If issues of fact exist in determining whether an inmate has exhausted his administrative remedies, a judge should hold a hearing and resolve these factual disputes, so long as the exhaustion issues are not intertwined with the merits questions. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), *abrogated by Perttu v. Richards*, 605 U.S. 460 (2025).

Illinois has established an internal administrative grievance system for prisoners to complete in order to correct a problem that the prisoner encounters within the prison setting. 20 Ill. Admin. Code § 504.810 *et seq.* Under the current grievance procedures, a prisoner may file a written grievance with his grievance officer within sixty (60) days of discovery of the dispute. 20 Ill. Admin. Code § 504.810(a). The grievance should include "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint . . . [or] as much descriptive information about the individual as possible." *Id*.

The grievance officer is then required to review the grievance and report findings and recommendations to the Chief Administrative Officer ("CAO"). 20 Ill. Adm. Code § 504.810(c). The prisoner then has the opportunity to review the CAO's response. 20 Ill. Adm. Code § 504.830(e). If the prisoner is unsatisfied with

the institution's resolution of the grievance, he may file an appeal to the Director through the AR within thirty (30) days of the CAO's decision. 20 Ill. Adm. Code § 504.850. The ARB is required to make a final determination of the grievance within six months after receiving it. *Id.* Completion of this process exhausts a prisoner's administrative remedies.

B

The Court finds that Defendants have failed to carry their burden of showing that they are entitled to summary judgment on the issue of the exhaustion of his administrative remedies by Plaintiff. *Smallwood v. Williams*, 59 F.4th 306, 315 (7th Cir. 2023) ("[W]e must bear in mind that failure to exhaust is an affirmative defense, and as such the burden of proof is on the defendants to establish that administrative remedies were not exhausted, and not on the prisoner to show that administrative remedies were unavailable."); *Schaefer v. Bezy*, 336 F. App'x 558, 560 (7th Cir. 2009) ("Because the prison employees bear the burden on exhaustion, they must do more than point to a lack of evidence in the record; rather they must 'establish affirmatively' that the evidence is so one-sided that no reasonable factfinder could find that Schaefer was prevented from exhausting his administrative remedies." (citation omitted)). The Court agrees with Defendants that Plaintiff's March 14, 2024 grievance is the only grievance that is relevant to this case. D/E 40-4. The Court also agrees with Defendants that Plaintiff failed to identify them, by name, in his March 14, 2024 grievance as required by the grievance process. *Id.*; 20 Ill. Admin. Code § 504.810(c). Finally, the Court agrees with Defendants that the undisputed evidence shows that Plaintiff did not re-submit this grievance to the ARB, nor did Plaintiff subsequently provide the information that the ARB noted was lacking in his March 14, 2024 grievance. *Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir. 2020) ("Because refiling was available to him, Haywood's failure to exhaust is not excusable.").

Nevertheless, the Court finds that Plaintiff's March 14, 2024 grievance satisfied Plaintiff's exhaustion requirements. In making this determination, the Court is guided by the United States Court of Appeals for the Seventh Circuit's holding in *Reid v. Balota*, 962 F.3d 325 (7th Cir. 2020). In *Reid*, the inmate plaintiff appealed the denial of his grievance to the ARB, but the ARB appeal denied his grievance because it did not include a copy of the counselor's response. *Id*. at 328.

Despite not providing all of the information required, the Seventh Circuit found that the inmate plaintiff's actions had satisfied his exhaustion requirement because, in denying the grievance, the ARB did not check the additional box on the form that would invite the inmate plaintiff to re-submit his appeal with the counselor's form. *Id*. As a result, the Seventh Circuit found that the ARB's communication with the inmate plaintiff so obscured the administrative process that it became unknowable to the inmate plaintiff, and therefore, the administrative review process was unavailable to him for exhaustion-of-administrative-remedies purposes. *Id*. at 330; *Wilson v. Wexford Health Sources, Inc.*, 957 F.3d 828, 833 (7th Cir. 2020) (noting that the ARB checked boxes indicating the inmate had not properly followed standard procedure by including copies of his counselor and grievance officer responses, but the ARB did not check the box simply inviting more information); *Butler v. Orenstein*, 2024 WL 4379569, * 3 (7th Cir. Oct. 3, 2024) (reiterating that if the ARB checks a box for an appeal missing attachments, but does not give instructions on next steps, then further redress is unavailable).

In the instant case, the ARB simply noted that Plaintiff had failed to provide the names of the staff members who failed to protect him from the inmate's assault. D/E 40-4. The ARB further noted that Plaintiff's failure to name the individuals involved had deprived the ARB from allowing it to confirm whether Plaintiff had

been placed in proximity with another inmate against whom he had a "keep safe from" order. *Id*.

But the ARB's resolution of Plaintiff's March 14, 2024 grievance did not direct him to re-submit his Grievance. *Id*. The ARB's resolution of Plaintiff's March 14, 2024 grievance did not direct Plaintiff to provide the missing information. *Id*. Instead, the ARB resolved Plaintiff's March 14, 2024 grievance by indicating that the ARB had "DENIED" his grievance, and then, the ARB provided that grounds for doing so. *Id*.; *Reid*, 962 F.3d at 327–30 (finding remedies were unavailable to a prisoner because officials' communications left the prisoner with no conceivable next steps since the ARB checked the box for the prisoner to submit missing documents but did not check the box for him to return the grievance with the additional information requested); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 833-34 (7th Cir. 2020) (concluding that a prisoner exhausted all available remedies when the ARB returned the appeal as insufficient due to missing documents, but did not check the box to provide the missing materials).

Exhaustion is not intended to provide individual notice to each prison official who might later be sued; it is designed to provide the prison with notice of the problem and give them an opportunity to fix it. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). As such, an inmate must provide enough information to serve the grievance's function of giving "prison officials a fair opportunity to address [an inmate's] complaints." *Maddox*, 655 F.3d at 722.

Plaintiff alleged in his March 14, 2024 grievance that "correctional officers" failed to protect him from another inmate's attack on January 29, 2024. This information was sufficient to place the officials at Western Illinois on notice that Plaintiff was alleging that correctional officers at the prison were involved in violating his rights on January 29, 204. This information was sufficient to allow the

9

officials at Western Illinois to investigate Plaintiff's claim and to address his claim at the institutional level. This fact, when coupled with the fact that the ARB denied Plaintiff's appeal of his March 14, 2024 grievance rather than holding a decision in abeyance until he provided additional information or rather than telling Plaintiff that he should re-submit his grievance with the additional information, leads the Court to find that Defendants have failed to carry their burden on summary judgment of showing that they are entitled to summary judgment based upon the issue of exhaustion. Therefore, Defendants' motion is denied.

## IV

Plaintiff's motions are similarly denied.

### A

In his first motion, Plaintiff asks the Court to compel the setting of a trial. Plaintiff asserts that his claim should be heard by a jury, not dismissed on summary judgment.

Plaintiff's motion is denied. Although the Court has denied Defendants' motion for summary judgment based upon the issue of exhaustion, the Court will not deprive Defendants of the opportunity to file a motion for summary judgment on the merits if they believe that such a motion is justified at the conclusion of the period established for discovery.

### B

In his second motion, Plaintiff does not ask the Court for any specific relief. Instead, Plaintiff cites the requirements for filing motions and for taking other actions in the United States District Court for the Southern District of Illinois and in Illinois state court. Because he has not asked the Court to take any specific action in this motion, Plaintiff's second motion is denied.

### C

In his third motion, Plaintiff asks the Court to transfer this case to the United States District Court for the Northern District of Illinois. Plaintiff argues that he has another case pending in the Northern District that is related to this case. Plaintiff contends that the Northern District is capable of resolving Defendants' motion for summary judgment that is pending in this case and that because both of his claims in both cases involve hate crimes, it would be more convenient to consolidate this case with his case in the Northern District of Illinois. Accordingly, Plaintiff asks the Court to transfer this case.

Plaintiff's motion is denied. Contrary to his contention, the Court does not believe that his two case are sufficiently related so as to warrant a transfer. Plaintiff's claim in this case arose out of a violation of his Constitutional rights at Western Illinois. Plaintiff's claim in his Northen District case, as the Court understands his motion, arose out of actions that occurred at the Stateville Correctional Center. Moreover, Plaintiff chose to file this case in this District, and he has failed to show why the Court should transfer the case now.

**IT IS, THEREFORE, ORDERED:**

    1.    **Defendants' motion for summary judgment on the issue of exhaustion [40] is DENIED.**

    2.    **Plaintiff's motion to compel [45] is DENIED.**

    3.    **Plaintiff's motion based upon the Local Rules [46] is DENIED.**

    4.    **Plaintiff's motion to transfer [47] is DENIED.**

*It is so ordered.*

Entered: August 11, 2025

<u>s/Jonathan E. Hawley</u>

U.S. District Judge