UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KRAIG PAYNE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NATHAN GOSSAGE and )<br>ANDREW HILL, )<br>)<br>Defendants. ) | Case No.:  3:24-cv-03215-JEH |

Order

This cause is before the Court on Defendants' motion for sanctions, to compel, and to extend deadlines.

Defendants have filed the instant motion asking the Court to take certain actions. Most notably, Defendants ask the Court to sanction Plaintiff. Defendants contend that sanctions against Plaintiff are warranted for three reasons. *First*, Defendants assert that Plaintiff has failed to provide his initial disclosures to them as ordered by the Court in the Scheduling Order. *Second*, Defendants state that Plaintiff has not responded to their discovery requests that they have served upon him, and the time for him to do so has passed.

*Third*, and perhaps most importantly, Defendants represent that they scheduled Plaintiff's deposition and made the arrangements necessary with a court reporter to record and to transcribe Plaintiff's deposition. However, Plaintiff refused to leave his cell in order to attend the deposition as scheduled by Defendants. Defendants note that they have incurred financial costs as a result of

1

scheduling the deposition that did not occur due to Plaintiff's refusal to attend his deposition.

Accordingly, Defendants ask the Court to sanction Plaintiff. Specifically, Defendants move the Court to require Plaintiff to pay the costs associated with scheduling his deposition that did not occur based upon his refusal to leave his cell. Recognizing that Plaintiff does not have sufficient money in his prison trust fund account to pay the costs associated with the deposition that did not occur, Defendants argue that the only just sanction would be for the Court to dismiss this case based upon Plaintiff's discovery abuses.

Finally, if the Court does not dismiss this case, Defendants move the Court to compel Plaintiff to provide his initial disclosures, his discovery responses, and to sit for a deposition. Defendants assert that the Court should stay the discovery deadline and the dispositive motion deadline until it become clear that Plaintiff will comply with his discovery obligations.

Plaintiff has not responded to Defendants' motion, and the time for him to do so under the Court's Local Rule has passed. Local Rule 7.1(B)(2) provides, in relevant part: "If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties." *Id.* Accordingly, the Court presumes that Plaintiff does not oppose Defendants' motion.

Despite Plaintiff's failure to respond, the Court will not dismiss this case at this time. Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *Id.* The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from

engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *3 Penny Theater Corp. v. Plitt Theaters, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (internal quotations omitted).

In addition, Rule 16(f) authorizes the Court to sanction a party who "fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16(f)(1)(C). And, the Rule further states that the Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," in the face of such noncompliance.

Federal Rule 37 authorizes a district court to dismiss a case for discovery violations or for bad faith conduct in litigation. *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005) (citations omitted); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (holding that a district court may dismiss a case pursuant to Federal Rule 37 when the court finds "willfulness, bad faith or fault on the part of the defaulting party."). A district court may also dismiss a cause under its inherent authority to manage its docket and an individual case. *Greviskes*, 417 F.3d at 759.

However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009). Dismissal under Federal Rule 37 is a high bar. *Ford v. Larson*, 2021 WL 3513592, * 1 (S.D. Ill. Aug. 10, 2021). Although "dismissal is a harsh sanction[,] the ability of a court to wield that authority is essential to the efficient management of heavy caseloads and the protection of all litigants." *Ashworth v. McNeely*, 2024 WL 1554842, * 3 (S.D. Ill. Apr. 10, 2024); *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) ("There is no requirement to enter lesser sanctions before dismissing a case for lack of prosecution"); *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[J]udges do not abuse their discretion by declining to employ 'progressive discipline.'").

Finally, although a "warning shot" is not required before a court dismisses a case, dismissal under Rule 41 generally favors a forewarning that the sanction may be forthcoming. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 666 (7th Cir. 2006). Appropriate factors to consider in evaluating dismissal as a sanction include:

> the frequency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and . . . the consequences of dismissal for the social objectives of the type of litigation that the suit represents.

*Ball v. City of Chicago*, 2 F.3d 752, 759-60 (7th Cir. 1993)

Here, the Court provided a general warning to Plaintiff in the Scheduling Ordre that notified Plaintiff of his duty to engage in discovery and to be deposed. D/E 17. The Scheduling Order also informed Plaintiff of the consequences for his failure to comply with his obligations contained within the Scheduling Order, including dismissal of this case. *Id*.

Despite this general warning, the Court declines Defendants' invitation to dismiss this case without a specific warning to Plaintiff. Accordingly, the Court hereby informs Plaintiff that, if he does not timely comply with his discovery obligations, the Court will sanction him. The Court's sanctions against Plaintiff will, in all likelihood, include a dismissal of this case and a monetary sanction against him.

In order to avoid these sanctions, Plaintiff must timely take the following actions:

- Plaintiff must file a notice or statement with the Court indicating that he wishes to proceed with litigating this case and that he agrees to cooperate in discovery.
- Plaintiff must file this notice or statement with the Court no later than November 26, 2025.
- If Plaintiff fails to file this notice or statement with the Court, the Court will dismiss this case.

Assuming Plaintiff desires to continue litigating this case and that he files the appropriate notice of statement, Plaintiff must timely satisfy his discovery obligations as follows:

- Plaintiff must provide his initial disclosures to Defendants as ordered by the Court in the Scheduling Order by December 1, 2025.
- Plaintiff must provide his discovery responses to Defendants' discovery requests that they served upon him by December 15, 2025.
- Defendants are given leave to depose Plaintiff.
- Plaintiff must appear for his deposition at the time and place scheduled by Defendants, and he must answer defense counsel's questions completely and truthfully, to the best of his recollection and ability, or the Court will dismiss this case.
- Defendants should endeavor to schedule Plaintiff's deposition to occur before January 30, 2026.

Finally, the Court empathizes with the additional costs imposed on Defendants based upon Plaintiff's refusal to attend his initial deposition as scheduled by them. But as Defendants note, Plaintiff lacks the ability to pay these costs if imposed by the Court. Therefore, the Court will not impose costs at this time because doing so would be futile. However, if Plaintiff indicates a willingness

to continue litigating this case and if he fails to appear for a second time for his deposition or if he refuses to engage in written discovery, Defendants' may renew their request for the Court to impose costs against Plaintiff. The Court will reset the discovery deadline and the dispositive motion deadline after the Court receives Plaintiff's notice or statement indicating his desire—or lack thereof—to continue with this case.

**IT IS, THEREFORE, ORDERED:**

1. **Defendants' motion for sanctions and to compel [51] is GRANTED, in part, and DENIED, in part.**

*It is so ordered.*

Entered: November 13, 2025

<u>s/Jonathan E. Hawley</u>
U.S. District Judge